IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION, | ) ) ) |                  |
| Plaintiff,                           | ) ) |                        |
| v.                                   | ) ) ) | No. 2:19-cv-02441-SHM-tmp |
| MJW, INC., d/b/a AMERICAN LAB & SYSTEMS and QUALITY LEASING CO., INC., | ) ) ) ) ) |   |
| Defendants.                          | ) ) |                        |

**ORDER**

Before the Court is Plaintiff First Tennessee Bank National Association's ("First Tennessee") August 30, 2019 Motion for Default Judgment. (ECF No. 12.) Also before the Court is Defendant MJW, Inc., d/b/a American Lab & Systems's ("American Lab") September 3, 2019 Motion to Set Aside Entry of Default. (ECF No. 13.) First Tennessee responded to the Motion to Set Aside Entry of Default on September 12, 2019. (ECF No. 15.) American Lab replied on September 17, 2019. (ECF No. 18.)

For the following reasons, American Lab's Motion to Set Aside Entry of Default is GRANTED. First Tennessee's Motion for Default Judgment is DENIED AS MOOT.

## I. Background

This is a dispute about possessory rights to a piece of loan collateral. For purposes of the Motions, the Court accepts the facts stated in the Complaint. In August 2017, First Tennessee made a business loan (the "Loan") to Aviation Trends LLC ("Aviation Trends"), a Tennessee company. (See ECF No. 1 ¶¶ 8, 15.) Pursuant to an accompanying security agreement, the collateral for the Loan includes any equipment "owned or thereafter acquired by Aviation Trends." (Id. ¶ 10.) In November 2017, Aviation Trends ordered a hydraulic test bench (the "Equipment") from American Lab, a California company, for a purchase price of $265,000. (Id. ¶¶ 2, 4, 14.) First Tennessee paid the purchase price for the Equipment directly to American Lab from the proceeds of the Loan. (Id. ¶¶ 16-20.) Aviation Trends never took possession of the Equipment. (See id. ¶ 22.) The Equipment remains in American Lab's possession.[1] (See id.) In May 2019, First Tennessee declared a default on the Loan and began attempting to secure possession of the Equipment from American Lab. (Id. ¶¶ 23-24.) In June 2019, First Tennessee demanded possession of the Equipment. (Id. ¶ 26.)

---

[1] The parties dispute whether American Lab had an obligation to ship the Equipment to Aviation Trends. First Tennessee asserts that American Lab was obligated. (ECF No. 1 ¶ 15.) American Lab asserts that it was Aviation Trends's responsibility to pick up the Equipment in California. (ECF No. 13-1 at 7.)

2

On July 11, 2019, First Tennessee filed this suit against American Lab and Quality Leasing Co., Inc. ("Quality Leasing").[2] (ECF No. 1.) First Tennessee asserts three claims. First, First Tennessee seeks a declaratory judgment that would "declar[e] that First Tennessee has a superior right to possession of the Equipment as between the parties." (Id. ¶¶ 28-36.) Second, First Tennessee seeks a judgment for replevin entitling it to take possession of the Equipment. (Id. ¶¶ 37-41.) Third, First Tennessee seeks money damages from American Lab for American Lab's alleged conversion of the Equipment. (Id. ¶¶ 42-49.)

On July 18, 2019, American Lab was served with a summons and a copy of the Complaint. (ECF No. 8.) Under Federal Rule of Civil Procedure 12(a), American Lab had twenty-one days -- until August 8, 2019 -- to answer or otherwise respond to the Complaint. American Lab did not timely respond to the Complaint. On August 12, 2019, First Tennessee moved for an entry of default against American Lab and Quality Leasing. (ECF No. 10.) On the same day, the Clerk of the Court entered a default against American Lab and Quality Leasing. (ECF No. 11.) On August 30,

---

[2] The Complaint asserts that Quality Leasing may have a security interest in the Equipment. (See ECF No. 1 ¶ 21.) In its Motion for Default Judgment, First Tennessee submits that "Quality Leasing is named as Defendant in this action because it may claim an interest in the Equipment." (ECF No. 12 ¶ 2 n.1.) To date, Quality Leasing has not appeared in this case or taken any action to defend its rights.

2019, First Tennessee filed the Motion for Default Judgment. (ECF No. 12.) On September 3, 2019, American Lab filed the Motion to Set Aside Entry of Default under Federal Rule of Civil Procedure 55(c). (ECF No. 13.)

**II. Jurisdiction**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity requires that: (1) no plaintiff may be a citizen of the same state as any defendant; and (2) the amount in controversy must be greater than $75,000.00. 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

First Tennessee is a citizen of Tennessee. It is a national banking association that, as designated in its articles of association, maintains its main office in Memphis, Tennessee. (ECF No. 1 ¶ 1); see Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 318 (2006) (holding that, for purposes of diversity, a national banking association is a citizen of the "State designated in its articles of association as its main office"); 28 U.S.C. § 1348. American Lab is a citizen of California. It is a California corporation with its principal place of business in Los Angeles, California. (ECF No. 1 ¶ 2); see 28 U.S.C. § 1332(c). Quality Leasing is a citizen of Indiana. It is an Indiana corporation with its principal place of business in

Indianapolis, Indiana. (ECF No. 1 ¶ 3.) The parties are completely diverse.

The amount-in-controversy requirement is satisfied. First Tennessee alleges that the amount in controversy exceeds $75,000. (Id. ¶ 5.) "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938).

**III. Standard of Review**

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the district court must consider:

(1) Whether the plaintiff will be prejudiced;

(2) Whether the defendant has a meritorious defense; and

(3) Whether culpable conduct of the defendant led to the default.

United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983). "Although '[a]ll three factors must be considered in ruling on a motion to set aside an entry of default,' when a defendant has a meritorious defense and the plaintiff would not be prejudiced, 'it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead.'" United States v. $22,050.00 U.S. Currency, 595 F.3d 318, 324 (6th Cir. 2010) (quoting Shepard Claims Serv., Inc. v. William

5

Darrah & Assocs., 796 F.2d 190, 194 (6th Cir. 1986)). When deciding whether to set aside an entry of default, a court should "'construe[] all ambiguous or disputed facts in the light most favorable to the defendant'" and "resolv[e] any doubts in [the defendant's] favor." Dassault Systemes, SA v. Childress, 663 F.3d 832, 841 (6th Cir. 2011) (quoting INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987)).

**IV. Analysis**

    **A. American Lab's Motion to Set Aside Entry of Default**

        **1. Whether First Tennessee Will Be Prejudiced**

A court deciding whether to set aside an entry of default should consider "[w]hether the plaintiff will be prejudiced." United Coin Meter, 705 F.2d at 845. "[D]elay alone is not a sufficient basis for establishing prejudice." Dassault Systemes, 663 F.3d at 842 (quotation marks and citation omitted). "Nor does increased litigation cost generally support entry of default." Id. "Instead, 'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" Id. (quoting INVST Fin. Grp., 815 F.2d at 398).

First Tennessee argues that it will be prejudiced if the Court sets aside the entry of default against American Lab because "American Lab's continued exercise of control over the Equipment raises serious concerns about the condition and

6

availability of the Equipment" and "[a]ny continued delay increases the possibility of deterioration or destruction of the Equipment altogether." (ECF No. 15 at 9.) Those concerns are speculative. First Tennessee does not support them. See Dassault Systemes, 663 F.3d at 842 (finding that the prejudice factor did not support district court's denial of motion to set aside entry of default where plaintiff put forward "completely unsupported" assertions about potential loss of evidence). American Lab represents that it does not claim possessory rights over the Equipment and that it has informed First Tennessee, as of September 2019, that the Equipment "could be inspected" by First Tennessee at a mutually convenient time. (ECF No. 18-1 at 4-5.) Construing the facts in the light most favorable to American Lab, see Dassault Systemes, 663 F.3d at 841, First Tennessee has not demonstrated that it would be prejudiced by setting aside the entry of default against American Lab.

**2. Whether American Lab Has a Meritorious Defense**

A court deciding whether to set aside an entry of default should consider "[w]hether the defendant has a meritorious defense." United Coin Meter, 705 F.2d at 845. "[A] defense is meritorious if it is 'good at law,' regardless of whether the defense is actually likely to succeed on the merits." $22,050.00, 595 F.3d at 326 (quoting Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003)). "[A]ll that is needed is 'a hint of

7

a suggestion' which, proven at trial, would constitute a complete defense." Id. (quoting INVST Fin. Grp., 815 F.2d at 399).

American Lab's defenses to First Tennessee's declaratory judgment and conversion claims are "good at law." Addressing the declaratory judgment claim, American Lab argues that "[t]here is no actual and justiciable controversy between American Lab and First Tennessee" about the right to possession of the Equipment. (ECF No. 18-1 at 3.) That defense is good at law. See, e.g., Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997) ("The existence of an 'actual controversy' in a constitutional sense is necessary to sustain jurisdiction under the Declaratory Judgment Act.") (citing Aetna Life Ins. Co. of Hartford v. Haworth, 300 U.S. 227, 239-40 (1937)). Addressing the conversion claim, American Lab argues that there is no evidence that it "ever appropriated the [Equipment] for its own use and benefit" or "intentionally exercised dominion over the [Equipment]." (ECF No. 18-1 at 3.) As both parties recognize, those are two of the elements of a conversion claim in Tennessee.[3] (See ECF No. 12 ¶ 7; ECF No. 18-1 at 3); see also White v. Empire Express, Inc., 395 S.W.3d 696, 720 (Tenn. Ct. App. 2012)

---

[3] The parties assume that Tennessee law governs First Tennessee's claims. (See ECF No. 15 at 7-8; ECF No. 18-1 at 3.) At this stage, the Court accepts the parties' assumption. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998) ("[C]ourts need not address choice of law questions sua sponte.") (quotation marks and citation omitted).

(reciting the elements of a conversion claim). That defense is good at law.

American Lab does not appear to raise a meritorious defense to First Tennessee's replevin claim. American Lab argues that "[r]eplevin requires that personal property be wrongfully taken or detained." (ECF No. 18-1 at 3.) In Tennessee, "[t]he only issue in a replevin action is possession." Alston v. Regions Bank, N.A., No. 07-2134, 2009 WL 152142, at *9 (W.D. Tenn. Jan. 21, 2009) (citing Huber v. Union Planter Nat'l Bank of Memphis, 491 F.2d 846, 849 (6th Cir. 1974)). The meritorious defenses American Lab raises about First Tennessee's other claims are sufficient to support setting aside the entry of default. "All that matters is whether a well-stated defense, if sustained, would change the outcome." $22,050.00, 595 F.3d at 326.

### 3. Whether Culpable Conduct by American Lab Led to the Default

A court deciding whether to set aside an entry of default should consider "[w]hether culpable conduct of the defendant led to the default." United Coin Meter, 705 F.2d at 845. Where, as here, "a defendant has a meritorious defense and the plaintiff would not be prejudiced, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." $22,050.00, 595 F.3d at 324 (quotation marks and citation

9

omitted). "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard, 796 F.2d at 194. "[M]ere negligence or failure to act reasonably is not enough to sustain a default." $22,050.00, 595 F.3d at 327.

In its Motion to Set Aside Entry of Default and in accompanying affidavits from American Lab's president and from American Lab's counsel, American Lab explains why it did not timely respond to the Complaint. (See ECF Nos. 13-1, 13-3, 14-1.) American Lab represents that, after some difficulty confirming the existence of the suit and obtaining counsel, American Lab's president retained counsel in this case on August 6, 2019 -- nineteen days after American Lab had been served and two days before the deadline for American Lab to respond to the Complaint under Rule 12(a). (See ECF No. 13-1 at 2-3, 5; ECF No. 13-3 ¶ 3; ECF No. 14-1 ¶¶ 3-5.) Once retained on August 6, 2019, American Lab's counsel did not respond to the Complaint or move for an extension of time to respond. Instead, counsel attempted to settle the litigation. (ECF No. 13-1 at 5-6; ECF No. 13-3 ¶¶ 4-11.) Settlement discussions continued for several weeks. (ECF No. 13-1 at 5-6.) First Tennessee obtained an entry of default on August 12, 2019, and moved for a default judgment on August 30, 2019. (ECF Nos. 11-12.) American Lab filed the

Motion to Set Aside Entry of Default on September 3, 2019. (ECF No. 13.)

American Lab failed to act reasonably. Counsel was retained before the deadline for responding to the Complaint, but American Lab failed to respond or move for an extension of time. Although the attempts to settle the litigation are commendable, "on-going settlement discussions are not good cause for failing to answer a pleading." Medline Indus., Inc. v. Medline Rx Fin., LLC, 218 F.R.D. 170, 172 (N.D. Ill. 2003). Rather than engage in settlement negotiations instead of responding to the Complaint, American Lab should have done both.

Even so, it would be an abuse of discretion for the Court not to set aside the entry of default in this case. "Where the party in default satisfies the first two requirements for relief [from entry of default] and moves promptly to set aside the default before a judgment is entered, the district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." Shepard, 796 F.2d at 195. First Tennessee has not demonstrated that American Lab exhibited "disregard for the judicial proceedings." Although American Lab had an opportunity to respond to the Complaint in a timely fashion and did not, it did engage in settlement negotiations expeditiously and, by all indications, in good faith. After First Tennessee moved for a

default judgment, American Lab moved quickly to set aside the entry of default. (See ECF No. 13.) American Lab's failure to timely respond to the Complaint does not rise to the level of culpability necessary to bar American Lab from establishing good cause to set aside the entry of default. See $22,050.00, 595 F.3d at 326-27; Shepard, 796 F.2d at 194-95.

American Lab has established good cause to set aside the entry of default. The Court GRANTS American Lab's Motion to Set Aside Entry of Default. American Lab shall answer or otherwise respond to the Complaint within twenty-one (21) days of the entry of this Order.

**B.  First Tennessee's Motion for Default Judgment**

First Tennessee moves for a default judgment. (ECF No. 12.) A default judgment requires an entry of default. See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 352-53 (6th Cir. 2003). This Order sets aside the August 12, 2019 entry of default in this case. First Tennessee's Motion for Default Judgment is DENIED AS MOOT.

**V.  Conclusion**

For the foregoing reasons, American Lab's Motion to Set Aside Entry of Default is GRANTED. First Tennessee's Motion for Default Judgment is DENIED AS MOOT. American Lab is ORDERED to answer or otherwise respond to the Complaint within twenty-one (21) days of the entry of this Order.

So ordered this 27th day of January, 2020.

/s/ *Samuel H. Mays, Jr.*
Samuel H. Mays, Jr.
UNITED STATES DISTRICT JUDGE