IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FIRST TENNESSEE BANK NATIONAL ASSOCIATION,<br><br> Plaintiff,<br><br>v.<br><br>MJW, INC. d/b/a AMERICAN LAB & SYSTEMS, and QUALITY LEASING CO., INC.,<br><br> Defendants. | No. 2:19-cv-02441-SHM-tmp |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST SEPARATE DEFENDANT QUALITY LEASING CO., INC. AND DIRECTING ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT QUALITY LEASING CO., INC.**

Before the Court is Plaintiff's Motion for Default Judgment against separate Defendant Quality Leasing Co., Inc. ("Quality Leasing") only (the "Motion"). (D.E. No. 47.) Having reviewed the Motion and the entire record in this cause, the Court finds that Plaintiff, First Horizon Bank f/k/a First Tennessee Bank National Association ("First Horizon"), is entitled to a final judgment by default against Quality Leasing.

Rule 55 permits the Court to enter a default judgment after the Clerk of the Court has entered a default. Fed.R.Civ.P. 55(b)(2). When the defendant does not successfully set aside the default pursuant to Rule 55(c), and if no hearing is needed to ascertain damages, the Court may enter a default judgment. United Coin Meter Co. v. Seaboard Coastline RR., 705 F.2d 839, 844 (6th Cir. 1983), quoting Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). The well pled factual allegations in the complaint are taken as true when the defendant is in default. Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

Quality Leasing was properly served with a Summons and copy of the Complaint on July 12, 2019. (D.E. No. 9.) Quality Leasing did not respond, and on August 12, 2019, the Clerk of the Court filed an Entry of Default against Quality Leasing. (D.E. No. 11.) Quality Leasing has not sought to set aside the default. First Horizon sees declaratory relief, not monetary damages. (See D.E. No 1, ¶¶ 28-36.)

The Court finds that First Horizon has a superior right to possession of the "2018 Hydraulic Test Bench, Model Number 87RM233" (the "Equipment") as against Quality Leasing based on First Horizon's first priority security interest. (D.E. No. 1, ¶¶ 28-36). First Horizon's security interest in the Equipment is properly perfected pursuant to that certain UCC Financing Statement filed with the Tennessee Secretary of State on August 17, 2017, as Doc. #427375475. (Id. at ¶¶ 10, 12.) Any interest claimed by Quality Leasing in the Equipment is subordinate to First Horizon's interest. (Id. at ¶ 21.) Therefore, the Motion is **GRANTED**. The Court awards final judgment by default in favor of First Horizon on its claim for declaratory judgment (Count I of the Verified Complaint) against Quality Leasing. The Court **DECLARES** that First Horizon has a superior right to possession of the Equipment as against Quality Leasing.

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs that the judgment against Quality Leasing be certified as a final judgment. Counsel of record in this case have represented that they are in the process of finalizing the settlement of Plaintiff's claims against Defendant MJW, Inc. d/b/a American Lab & Systems, the only other Defendant in this action. Accordingly, the Court determines that there is no just reason for delay and directs that the default judgment against Quality Leasing be certified as a final judgment pursuant to Fed. R. Civ. P. 54(b).

IT IS SO ORDERED THIS 8th DAY OF FEBRUARY, 2021.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE